UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNY A. HOBBS, | |
| Plaintiff, | |
| v. | C11-2023 TSZ |
| MICHAEL J. ASTRUE, | ORDER |
| Defendant. | |

THIS MATTER comes before the Court on Objections by Defendant Michael J. Astrue ("Defendant"), docket no. 24, to the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Donohue, docket no. 23.  The R&R recommends reversal and remand of the Commissioner's decision denying plaintiff Jenny A. Hobbs's ("Plaintiff") appeal from a final decision of the Commissioner of the Social Security Administration ("Commissioner") of her application for Disability Insurance Benefits and Supplement Security Income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401–433 and 1381–1383F based on three errors in the conclusions of the Administrative Law Judge ("ALJ").  Having reviewed the R&R,

ORDER - 1

Defendant's Objections, Plaintiff's Response, and the Administrative Record ("AR"), the Court ADOPTS IN PART and MODIFIES IN PART the R&R.

**Facts and Procedural History**

The Court adopts the recitation of facts and procedural history in the R&R.

**Discussion**

The Court adopts the analysis of the R&R, with the following modifications. The Court agrees that the R&R applied an impermissible "heightened harmless error standard." Def. Objections, docket no. 24, at 2. A heightened harmless error standard does not apply to a Social Security case. See *Molina v. Astrue*, 674 F.3d 1104, 1118 (9th Cir. 2012).

The harmless error rule in civil cases, which applies to Social Security cases, *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011), states that courts are to review cases for errors of law "without regard to errors" that do not affect the parties' substantial rights. *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009). Nor may the courts make use of presumptions in determining harmless error. *Id.* at 408. Thus, reversal because of error is not automatic, but requires a determination of prejudice. *Id.* at 407. Determination of prejudice requires "case-specific application of judgment, based upon examination of the record," not "mandatory presumptions and rigid rules." *Id.*

Under the harmless error standard, the Court finds that the ALJ's errors in discounting and failing to address lay witness testimony were not harmless. In the context of Social Security appeals, an ALJ is allowed "inconsequential" errors if they are immaterial to the ultimate disability determination. *Molina*, 674 F.3d at 1117;

ORDER - 2

*Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).[1]  Although the lay witness testimony is consistent with Plaintiff's complaints in that the testimony supports the Plaintiff's claim, the testimony provides details and examples that are not cumulative of Plaintiff's complaints or based on Plaintiff's self-reported symptoms.  *Compare* AR 238–45 (letters from lay witnesses); 83–89 (hearing testimony), *with* AR 25–27 (Plaintiff's testimony regarding symptoms), 31–43 (additional Plaintiff testimony), 186–93 (Plaintiff's 2008 Social Security function report).  The testimony of the lay witnesses constitutes competent evidence that can show "severity of impairment(s) and how it affects ability to work."  20 C.F.R. § 404.1513(d); *see also Lewis*, 236 F.3d at 511.  To interpret this supporting evidence as "cumulative" is incompatible with a reasonable interpretation of Social Security regulations and case law, which considers lay witness testimony competent as to the severity of the symptoms.  *See* 20 C.F.R. § 404.1513(d); *Lewis*, 236 F.3d at 511.

Defendant also argues that the errors are harmless because the ALJ properly credited medical source opinions, which are entitled to more weight, and support the ALJ's nondisability finding.  Def. Objections at 4.  Defendant's argument ignores the interconnected findings by the ALJ in this case.  The failure to properly address the lay

---

[1] Defendant suggests that *Stout* is incompatible with the holding of *Sanders*.  Def. Objections at 3.  *Molina*, on which Defendant heavily relies, discusses *Stout* at length but does not conclude that *Stout* is no longer good law.  *Molina*, 674 F.3d at 1115–22.  *Molina* did reject an "interpretation of *Stout*" that would create a "per se prejudicial" rule inconsistent with *Sanders*.  *Id.* at 1117–18.  This Court, following the guidance of the Ninth Circuit, interprets *Stout* within the broader context of the harmless error doctrine in social security cases as consistent with *Sanders* prohibition of presumptions in harmless error analysis.  *Id.* at 1117.  Thus, *Stout*, when properly interpreted, remains good law.

ORDER - 3

witness testimony affected the ALJ's assessment of Plaintiff's credibility, which in turn influenced at least some of the ALJ's determinations regarding medical source opinions. *See* AR 22–28.  In this case, because of the causal relationship, the failure to properly consider any of the lay witnesses cannot be considered inconsequential to the ultimate determination.  *See* *Molina*, 674 F.3d at 1117.

**Conclusion**

For the foregoing reasons, the R&R, docket no. 23, is ADOPTED IN PART and MODIFIED IN PART.  The R&R's conclusions that the ALJ erred in discounting or ignoring the lay witness testimony, discounting Plaintiff's credibility, and discounting the opinions of Dr. Widlan and Dr. Washburn are hereby ADOPTED.  The R&R's recommendation that the ALJ's errors are not harmless is MODIFIED to apply the correct harmless error standard.  Under the proper harmless error analysis, the ALJ's errors are still harmful.  This matter is hereby REVERSED and REMANDED to the Commissioner for further proceedings as to step five of the sequential process for determining whether Plaintiff is disabled.  On remand, the ALJ is free to re-evaluate the probative value of the lay witness testimony, to re-examine Plaintiff and re-evaluate her credibility, to re-evaluate the weight of the opinions of Dr. Widlan and Dr. Washburn, to obtain additional medical evidence and/or supplement testimony, and to consider anew whether the Commissioner has met the burden of establishing that Plaintiff can make an adjustment to other work.

ORDER - 4

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record and Magistrate Judge Donohue.

Dated this 17th day of December, 2012.

/s/ Thomas S. Zilly
THOMAS S. ZILLY
United States District Judge

ORDER - 5